In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2006 APR -7 P 3:25

Kevin Walton, #275713,
Plaintiff,
vs.
NFN Douglas; NFN Cook; and R. Fleming,
Defendants.

Civil Action No. 9:05-2338-HFF-GCK

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

The Plaintiff, Kevin Walton ("Plaintiff" or "Walton") was a pre-trial detainee at the Florence County Detention Center ("FCDC") at the time of the alleged incidents giving rise to this action. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 from the above-named defendants, NFN Douglas, NFN Cook, and R. Fleming (collectively, the "Defendants"), who are corrections officers at the FCDC.[1] Plaintiff alleges that the Defendants denied him equal protection and due process of law in violation of the Fourteenth Amendment.



Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S.

---

1 The correct spelling of this surname is "Flemming", and the court will use this spelling in the Report and Recommendation.

970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).



## III. FACTUAL BACKGROUND

Plaintiff has been incarcerated as a pre-trial detainee in FCDC since August 7, 2003, awaiting a trial on charged of murder and grand larceny. [10-1] It is undisputed that on July 6, 2005, following a conversation between Plaintiff and Officer Douglas, Officer Douglas issued Plaintiff a Disciplinary Ticket, charging Plaintiff with two minor violations

(failure to comply and disorderly conduct).[2] Officer Douglas and Sergeant Flemming then gave the Ticket to Plaintiff, who signed it, indicating he was not guilty of the charges. Sergeant Flemming sanctioned Plaintiff pursuant to written FCDC policy by imposing a twelve (12) hour lockdown in his own cell with no recreational time.[3] Plaintiff contends that his rights were violated because he was sentenced to twelve (12) hours of lockdown time in his prison cell without "a chance to give a statement, call witnesses, or contest to any incorrectness of the ticket."[4] Plaintiff alleges he "did not see any review committee, and…can merely speculate who found him guilty and imposed the sanctions."[5]

Significantly, the FCDC Inmate Handbook distinguishes between "minor" violations, such as those with which Plaintiff was charged, and major violations. The Handbook states in pertinent part:[6]

> Violations:
>
> Violations will be classed as <u>minor and major</u>. Inmates in general population will be on a demerit system as follows. You will receive one (1) demerit for each minor violation. Sanctions for violations will be as follows:
> Demerits
> One (1)- Six (6) hour lock down;
> Two (2)- Twelve (12) hour lockdown…. (emphasis provided by the court).
>
> Disciplinary Procedures:
>
> You will be held responsible for all of your actions. Violation of facility rules and regulations will result in disciplinary action. Sanctions may include loss of privileges, lock down, and/or segregation. Sanctions are in accordance with both the FCDC policy and procedure manual and SCDC minimum standards. . . . <u>For major violations, you will be given the opportunity to</u>



---

2 *See* Complaint [1-1], Section IV, Exhibit C, *and* Affidavits of Officer Douglas and Sgt. Flemming, attached as [16-3].

3 See Exhibit G attached as [16-4].

4 See Complaint [1-1], Section IV, ¶ 6.

5 See Complaint [1-1], Section IV, ¶¶ 7-8.

6 *See* Exhibit D attached as [16-4].

present your defense including the written statements of witnesses. (Handbook at ¶ 34.) (emphasis provided by the court).

Thus, pursuant to established FCDC policy, inmates charged with minor violations are not entitled to any type of hearing.

## IV. PROCEDURAL HISTORY IN FEDERAL COURT

On July 15, 2005, Plaintiff commenced this Section 1983 action[7] against the Defendants, apparently the correctional officers responsible for placing him in lockdown, contending that the denial of a predeprivation hearing constituted an unlawful denial of equal protection and due process of law under the Fourteenth Amendment. Plaintiff alleged in his Complaint that he should have received a hearing, as he requested, prior to the lockdown.[8] Plaintiff argues he was found guilty of the infractions without receiving due process, as he did not have the chance to give a statement, call witnesses, or contest the infractions. Plaintiff seeks a jury trial and monetary damages. [1-1]



On October 6, 2005, the undersigned issued an Order directing the issuance of summonses, and directed the Defendants to file answers to the complaint. [5-1] On November 8, 2005, the Defendants timely filed an Answer to the Plaintiff's complaint, setting forth various affirmative defenses, including qualified immunity and Plaintiff's failure to exhaust available administrative remedies. [7-1]

On December 22, 2005, the Defendants filed a Motion for Summary Judgment along with a supporting memorandum. [16-1; 16-2] On December 28, 2005, the

---

7 42 U.S.C. §1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

8 *See* [1-1] at p. 3.

undersigned issued an Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified Plaintiff of the Defendants' Motion, the dismissal procedure and the possible consequences if Plaintiff failed to adequately respond to the Defendants' Motion within thirty-four (34) days. [17-1]

In response, on January 18, 2005, the Plaintiff filed his Response to Defendants' Motion for Summary Judgment [20-1] and the Defendants filed a Reply to Plaintiff's Response. [22-1]

## V. THE STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."



Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits. With this standards in mind, the court will turn its attention to Plaintiff's claims against the Defendants.

## VI. ANALYSIS

Plaintiff alleges he was denied procedural due process when Sgt. Flemming found him guilty of two minor disciplinary violations and sentenced him to two consecutive six-hour periods of lockdown time in his cell. As a threshold matter, it is unclear what damages Plaintiff could prove for being confined to lockdown for twelve hours. The undersigned is of the opinion that Plaintiff's damages are negligible; regardless, however, "[t]here is no required minimum amount in controversy in a federal civil rights suit[.]" *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005). Judge Posner, writing the panel opinion in *Holly,* addressed a complaint identical to here, noting: "[A]lthough being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to



trigger the duty of due process," *Holly*, 415 F.3d at 679-680, *citing Sandin v. Conner*, 515 U.S. 472, 485-86, (1995); *cf. Paige v. Hudson*, 341 F.3d 642, 643 (7th Cir. 2003); *compare Wilkinson v. Austin*, --- U.S. ----, 125 S.Ct. 2384, 2394, 162 L.Ed.2d 174 (2005), a number of cases, influenced by language in *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979), consider any nontrivial punishment of a person not yet convicted a sufficient deprivation of liberty to entitle him to due process of law." *Holly*, 415 F.3d at 679-680, *citing Rapier v. Harris*, 172 F.3d 999, 1002-05 (7th Cir. 1999); *Fuentes v. Wagner*, 206 F.3d 335, 341-43 (3d Cir. 2000); *Mitchell v. Dupnik*, 75 F.3d 517, 524-25 (9th Cir. 1996); *Collazo-Leon v. U.S. Bureau of Prisons*, 51 F.3d 315, 318-19 (1st Cir. 1995); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir.1993) (per curiam). This court is aware of other cases, too, which have addressed this issue. *See, e.g., Johnson v. Esry*, 210 F.3d 379 (8th Cir. 2000) (unpublished) *and Polk v. Parnell*, 132 F.3d 33 (6th Cir. 1997) (unpublished). The conflicting views of whether such punishment of a pre-trial detainee entitles him to due process of law suggests that this suit, while without merit for the reasons discussed below, is not frivolous.

## VII. QUALIFIED IMMUNITY STANDARD



The Defendants argue that they are entitled to qualified immunity, and this court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the Defendants' position would have known of it. *Id.*

In determining whether government officials are entitled to qualified immunity, the United States Supreme Court has held that "a court must first determine whether the

plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Furthermore, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In the present case, the Defendants were acting pursuant to written FCDC policy, and thus, by definition, the Defendants' conduct was not unlawful. Furthermore, the court is of the opinion that Defendants' conduct did not "violate clearly established rights" in this case. Plaintiff has failed to demonstrate that the actions of the Defendants violated any of his constitutional rights. Therefore, the Defendants are entitled to qualified immunity on his claims.

In conclusion, the court recommends dismissal of this action on lack of merit, rather than on the grounds that it is frivolous. *See Holly*, 415 F.3d at 682.[9]

9 As pointed out in *Holly*, recommending dismissal on the grounds that the suit is frivolous has consequences for the Plaintiff under 28 U.S.C. § 1915(g). This court believes Plaintiff's suit lacks merit, but it is not frivolous.

**RECOMMENDATION**

It is recommended that the **Defendants' Motion for Summary Judgment [16-1] be granted.**

George C. Kosko
United States Magistrate Judge

April 7, 2006
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation

precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**