

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| KEVIN WALTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:05-2338-HFF-GCK |
| § | |
| NFN DOUGLAS, NFN COOK, and § | |
| R. FLEMING, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case was filed as a Section 1983 action. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 7, 2006.  Plaintiff subsequently filed a five-page memorandum that was received by the Clerk of Court on April 14, 2006.  Defendants filed a reply to Plaintiff's objections on April 25, 2006.  The Court will briefly address Plaintiff's objections below.

Plaintiff first objects to Defendants not allowing him to amend his complaint.  The objection is wholly without merit.  It is the Court, and not Defendants, who decides whether a plaintiff will be allowed to amend his or her complaint.  Since the record clearly demonstrates that Plaintiff has failed to petition the Court for such permission, this objection will be overruled.

Next, Plaintiff appears to make a retaliation claim.  A conclusory allegation such as this, however, without more, is an insufficient basis on which Plaintiff can survive Defendants' motion for summary judgment.  Therefore, this objection will also be overruled.[1]

In Section 1.E. of Plaintiff's objections, he appears to state that he has been on twenty-two hour lock down since August 7, 2003.  This statement, however, does not comport with his claim of the allegedly unlawful twelve-hour lock downs which is the subject of this suit.  Plaintiff's objection on this point, thus, will be overruled.[2]

Plaintiff also makes an equal protection claim in his objections.  To establish an equal protection claim, Plaintiff is required to demonstrate that Defendants treated him differently than similarly situated individuals without a rational basis for doing so.  Plaintiff's failure to meet this burden is fatal to his equal protection claim.  Therefore, since Plaintiff has failed to establish that a

---

[1] If Plaintiff wishes to pursue this claim, he will need to file another lawsuit.

[2] If, in fact, Plaintiff has been in continuous lock down since August 7, 2003, and wishes to have that claim considered by this Court, he will need to file another lawsuit.

violation of the equal protection clause occurred, Defendants are entitled to qualified immunity on this claim. Therefore, this objection will be overruled, as well.

The Court has reviewed the remaining objections but finds them also to be unpersuasive. Simply stated, and as observed by the Magistrate Judge in the comprehensive and well-reasoned Report,

> In the present case, the Defendants were acting pursuant to written [Florence County Detention Center] policy and thus, by definition, the Defendants' conduct was not unlawful. Furthermore, the court is of the opinion that Defendants' conduct did not "violate clearly established rights" in this case. Plaintiff has failed to demonstrate that the actions of the Defendants violated any of his constitutional rights. Therefore, the Defendants are entitled to qualified immunity on [Plaintiff's] claims.

(Report 11.)

After a thorough review of the Report and record in accordance with the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment must be **GRANTED**.

**IT IS SO ORDERED**.

Signed this 23rd day of June, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd\
HENRY F. FLOYD\
UNITED STATES DISTRICT JUDGE

***NOTICE OF RIGHT TO APPEAL***

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.